DECISION AND JUDGMENT ENTRY
Zeke McGuire appeals the Scioto County Court of Common Pleas, Domestic Relations Division, decision calculating his current child support obligation. McGuire asserts that the trial court abused its discretion when it calculated his income by averaging his income over a period of three years, despite evidence that approximately one year ago he suffered a disabling injury that significantly reduced his earning capacity for the foreseeable future. Because R.C. 3119.05(H) authorizes a trial court to average income over a period of years only "when appropriate," and the circumstances in this case demonstrate that averaging McGuire's income is not appropriate, we agree. Accordingly, we reverse the judgment of the trial court.
 I.
McGuire and his former wife, Holly McGuire, entered into an agreement, later approved by the court, concerning a modification in the custody and visitation schedule for their son. They submitted evidence regarding the matter of child support to the court for determination.
Based on the evidence provided by the parties, the magistrate found that McGuire earned $26,861.07 in 1998 and $26,162.77 in 1999. The magistrate also found that McGuire sustained an injury at work on October 31, 1999, after which he began to receive disability pay from his employer in the amount of $340.41 bi-monthly. Finally, the magistrate found that McGuire was unable to work in 2000, and that his only source of income was his disability pay, which totaled $8,850.66 in 2000.
McGuire submitted a letter from his employer indicating that he is unable to work due to his injury. He has undergone one surgery to treat his injury. However, he has not been released by his doctors to return to any employment, and will not be so released in the foreseeable future.[2]
The magistrate calculated McGuire's average income for 1998 through 2000 to be $20,626.83, and used that figure to calculate McGuire's child support obligation. McGuire timely objected to the magistrate's decision, asserting that the magistrate abused his discretion by defining McGuire's income as the average of his income during the years of 1998 through 2000. The trial court overruled McGuire's objection and confirmed the magistrate's decision.
McGuire timely appeals, asserting the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT CALCULATED APPELLANT'S INCOME AS THE AVERAGE OF THE INCOME HE EARNED DURING THE THREE YEARS PRIOR TO RECALCULATION OF CHILD SUPPORT, AS OPPOSED TO HIS CURRENT DISABILITY PAY RESULTING FROM HIS WORK-RELATED INJURY.
 II.
The allocation of parental rights and responsibilities is within the trial court's sound discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,73-74; Bechtol v. Bechtol (1990), 49 Ohio St.2d 21, 23. An abuse of discretion involves more than an error of judgment; it implies an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137-138; Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
Pursuant to R.C. 3119.05(H), "when the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." (Emphasis added.) The decision of whether to use this method to calculate gross income is within the discretion of the trial court. Ferrero v. Ferrero (June 8, 1999), Stark App. No. 98CA00095, unreported; Luke v. Luke (Feb. 20, 1998), Lake App. No. 97-L-044, unreported; Towne v. Towne (Nov. 27, 1996), Summit App. No. 17772, unreported.[3] In each of these cases, the trial court's use of average income was deemed appropriate given the typically unpredictable or fluctuating income associated with the obligor's profession.
McGuire submits that it was not appropriate to average his income in this case when the evidence establishes that his earning capacity dropped significantly in October of 1999 due to a disabling injury. We agree.
McGuire's income was steady prior to his accident, at approximately $26,000 per year, and it has been steady since his accident, at about $340 bi-weekly. As McGuire's medical condition is expected to leave him unemployable for the foreseeable future, his income is likewise expected to remain fixed for the foreseeable future. Should his medical condition or employment change, a modification of child support due to a change in circumstances may be appropriate. However, at this time, it is not appropriate to determine McGuire's gross income by averaging his income from the year after his disabling injury with that from the two years prior to his disabling injury. Thus, we find that the trial court abused its discretion by calculating McGuire's income by averaging his pre-disability and post-disability income.
Accordingly, we sustain McGuire's assignment of error. We reverse the judgment of the trial court and remand this case for recalculation of McGuire's gross income and child support obligation in accordance with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.
[2] These facts are not contained in the magistrate's decision; however, because Holly McGuire declined to file a brief, we accept McGuire's statement of the facts as correct. See App.R. 18(C).
[3] Each of these cases interpreted former R.C. 3113.215(B)(5)(h), the identical predecessor to current R.C. 3119.05(H).